Lawrence Spasojevich (LS 0945)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T:    (212) 374-0009
F:    (212) 374-9931
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TYHANNA R. HARRIS,
*on behalf of herself and similarly situated individuals*

                Plaintiff,

-against-

BEST COMPANION HOMECARE SERVICES, INC.
and PATRICIA PACAUD-BREZAULT,
                Defendants.

Case No.

**COMPLAINT**

ECF Case,

---

    Plaintiff, TYHANNA R. HARRIS, on behalf of herself and similarly situated individuals, by and through their undersigned attorneys, Law Offices of James F. Sullivan, P.C., file this Complaint against Defendants, BEST COMPANION HOMECARE SERVICES, INC. (hereinafter "BEST COMPANION") and PATRICIA PACAUD-BREZAULT (collectively, "the Defendants"), and state as follows:

### INTRODUCTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA"), she and similarly situated individuals are entitled to recover from the Defendants: (1) unpaid wages at the minimum wage rate; (2) unpaid wages at the overtime rate

for all work hours over forty (40) hours in a work week; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and similarly situated individuals are entitled to recover from the Defendants: (1) unpaid wages; (2) unpaid wages at the minimum wage rate; (3) unpaid wages at the overtime rate for all work hours over forty (40) hours in a work week; (4) statutory penalties; (5) liquidated damages; (6) prejudgment and post-judgment interest; and (7) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is an adult resident of Suffolk County, New York.

6. Upon information and belief, Defendant, BEST COMPANION, is a domestic business corporation, organized and existing under the laws of the State of New York, with a place of business located at 56A West Main Street, Bay Shore, New York 11706.

7. Upon information and belief, Defendant, PATRICIA PACAUD-BREZAULT, is an owner, officer, director and/or managing agent of BEST COMPANION, who maintains a business address of 56A West Main Street, Bay Shore, New York 11706, and who participated in the day-to-day operations of BEST COMPANION, and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated

thereunder, 29 C.F.R. § 791.2, as well as NYLL§ 2 and the Regulations thereunder, and is jointly and severally liable with BEST COMPANION.

8. At all relevant times, BEST COMPANION was, and continues to be, an "enterprises engaged in commerce" within the meaning of the FLSA.

9. At all relevant times, Plaintiff and similarly situated individuals' work regularly involved interstate commerce.

10. At all relevant times, the work performed by Plaintiff and similarly situated individuals was directly essential to the business operated by BEST COMPANION.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated individuals a wage at the minimum wage rate and overtime rate for all hours worked over forty (40) hours in a work week in contravention of the FLSA and NYLL.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

13. Plaintiff was hired by Defendants in or around May 1, 2018 to work as a live-in home health aid.

14. During Plaintiff's employment, Plaintiff lived with a client providing twenty (21) hours of care six (6) to seven (7) days a week.

15. Plaintiff was only compensated a daily rate of $143.00; which amounted to $6.80 an hour far below the minimum wage rate in the State of New York, County of Suffolk.

16. Further, Defendants frequently did not pay Plaintiff the full amount owed per each week Plaintiff worked.

17. Additionally, Plaintiff was not compensated the overtime rate for total time over forty (40) hours worked in a work week

18. Plaintiff terminated her employment on June 30, 2018 due to Defendants refusal to pay her the lawfully due amount.

19. Defendant, PATRICIA PACAUD-BREZAULT, is an individual who, upon information and belief, owns the stock of BEST COMPANION, owns BEST COMPANION, and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

20. Defendant, PATRICIA PACAUD-BREZAULT, exercised control over the terms and conditions of Plaintiff and similarly situated individuals' employment, in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

21. Defendants knowingly and willfully operated their businesses with a policy of not paying Plaintiff and similarly situated individuals a wage at the minimum wage rate or overtime wages for the total hours worked over forty (40) hours in a work week, in violation of the FLSA and NYLL and the supporting Federal and New York State Department of Labor Regulations.

22. Plaintiff and similarly situated individuals have been substantially damaged by the Defendants' wrongful conduct.

## STATEMENT OF CLAIMS

### COUNT 1

### [Violation of the Fair Labor Standards Act]

23.     Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "l" through "22" of this Complaint as if fully set forth herein.

24.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and similarly situated individuals are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

25.     At all relevant times, Defendants employed Plaintiff and similarly situated individuals within the meaning of the FLSA.

26.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

27.     Plaintiff and similarly situated individuals were and continue to be entitled to be paid an overtime wage for all hours worked over forty (40) hours in a work week as provided for in the FLSA.

28.     Defendants failed to pay Plaintiff and similarly situated individuals at the minimum wage rate for all hours worked as provided for in the FLSA.

29.     Defendants failed to pay Plaintiff and similarly situated individuals an overtime wage for all hours worked over forty (40) in a work week as provided for in the FLSA.

30. At all relevant times, each of the Defendants had, and continue to have a policy and practice of refusing to pay Plaintiff and similarly situated individuals a wage at the overtime rate and an overtime wage for all hours worked over forty (40) in a work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 206(a)(1), 207(a)(l), and 215(a).

31. Defendants knowingly and willfully disregarded the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff and similarly situated individuals at the minimum wage rate and an overtime wage, when they knew or should have known such was due and that non-payment of wages and overtime wages would financially injure Plaintiff and similarly situated individuals.

32. Records, if any, concerning the number of hours worked by Plaintiff and similarly situated individuals and the actual compensation paid to Plaintiff and similarly situated individuals are in the possession and custody of the Defendants. Plaintiff and similarly situated individuals intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

33. Defendants failed to properly disclose or apprise Plaintiff and similarly situated individuals of their rights under the FLSA.

34. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and similarly situated individuals are entitled to liquidated damages pursuant to the FLSA.

35. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiff and similarly situated individuals suffered damages, in an amount not presently ascertainable, of unpaid wages

at the minimum wage rate and unpaid overtime wages, an equal amount as liquidated damages, and prejudgment interest thereon.

36. Plaintiff and similarly situated individuals are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### [Violation of the New York Labor Law §§ 190 et. al.]

37. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "36" of this Complaint as if fully set forth herein.

38. The wage provisions of the NYLL apply to Defendants and protect the Plaintiff and similarly situated individuals.

39. Defendants, pursuant to their policies and practices, refused and failed to pay a wage at the minimum wage rate and overtime wage for all hours worked over forty (40) hours in a work week to Plaintiff and similarly situated individuals.

40. By failing to compensate Plaintiff and similarly situated individuals the minimum wage rate and an overtime wage for all hours worked over forty (40) hours in a work week, Defendant violated Plaintiff's statutory rights under the NYLL.

41. Furthermore, Defendants failed to timely pay Plaintiff all amounts due for each day work; violating Plaintiff's rights under the NYLL.

42. The foregoing conduct, as alleged, constitutes a willful violation of the NYLL without a good or reasonable basis.

43. Therefore, Defendants knowingly and willfully violated Plaintiff and similarly situated individuals' rights by failing to pay Plaintiff and similarly situated individuals at the minimum wage rate, an overtime wage, and failed to timely pay Plaintiff her lawfully earned wage.

44. Due to the Defendants' NYLL violations, Plaintiff and similarly situated individuals are entitled to recover from Defendants their unpaid wages, an overtime wage for all hours worked over forty (40) in a work week, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to NYLL § 663(1) et al. and § 198. Plaintiff and similarly situated individuals also seek liquidated damages pursuant to NYLL § 663(1).

## COUNT 3

### [Failure to provide a Wage Notice]

45. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46. The New York State Wage Theft Prevention Act and NYLL § 195(1) requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

47. Defendants have willfully failed to supply Plaintiff and similarly situated individuals with a wage notice, as required by NYLL, § 195(1), within ten (10) days of the start of their employment.

48. Through their knowing or intentional failure to provide the Plaintiff and similarly situated individuals with the wage notice required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

49. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and similarly situated individuals are entitled to statutory penalties of fifty ($50.00) dollars each day that Defendants failed to provide Plaintiff and similarly situated individuals with a wage notice and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-b).

## COUNT 4

### [Failure to provide Wage Statements]

50. Plaintiff and similarly situated individuals re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "49" of this Complaint as if fully set forth herein.

51. Defendants have willfully failed to supply Plaintiff and similarly situated individuals with an accurate wage statement, as required by NYLL, § 195(3).

52. Through their knowing or intentional failure to provide the Plaintiff and similarly situated individuals with a wage statement as required by the NYLL, Defendants willfully violated NYLL Article 6, §§ 190 et. seq., and supporting New York State Department of Labor Regulations.

53. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and similarly situated individuals are entitled to statutory penalties of two hundred and fifty dollars ($250.00) dollars each day that Defendants failed to provide Plaintiff and similarly situated individuals with wage statement and reasonable attorney's fees and costs as provided for by NYLL, Article 6 §198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, TYHANNA R. HARRIS, on behalf of herself and similarly situated individuals respectfully requests that this Court grant the following relief:

(a) An award of unpaid wages at the minimum wage rate due under the FLSA;

(b) An award of unpaid overtime wages for all hours worked over forty (40) in a work week due under the FLSA;

(c) An award of liquidated damages as a result of Defendants' failure to pay wages at the minimum wage rate and overtime wages pursuant to 29 U.S.C. § 216;

(d) An award of unpaid wages, unpaid wages at the minimum wage rate, and unpaid wages at the overtime rate for all hours worked over forty (40) hours in a work week pursuant to the NYLL;

(e) An award of liquidated damages and statutory penalties as a result of Defendants' failure to pay wages for all hours worked at the minimum wage rate, wages at the overtime rate for all hours worked over forty (40) hours in a work week, failure to timely compensate Defendant for work completed, failure to provide wage notices, and failure to provide wage statements pursuant to the NYLL;

(f) An award of prejudgment and post-judgment interest;

(h) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(i) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
       September 21, 2018

Respectfully submitted

By: _____
Lawrence Spasojevich (LS 0945)
Law Offices of James F. Sullivan, P.C.
52 Duane Street, 7th Floor
New York, New York 10007
T: (212) 374-0009
F: (212) 374-9931
*Attorneys for Plaintiff*
Ls@jfslaw.net