**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
TYHANNA R. HARRIS,

                              Plaintiff,                                    **REPORT AND**
                                                                           **RECOMMENDATION**

                 - against -                                               18-CV-5328 (RRM) (AKT)

BEST COMPANION HOMECARE SERVICES,
INC., and PATRICIA PACAUD-BREZAULT,

                              Defendants.
-----------------------------------------------------------X
 190 et al.

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

## I.    PRELIMINARY STATEMENT

Tyhanna R. Harris ("Plaintiff") commenced this action against Best Companion

Homecare Services, Inc. ("Best Companion") and Patricia Pacaud-Brezault (collectively,

"Defendants") asserting claims under the Fair Labor Standards Act, as amended, 29 U.S.C.

§§ 201, *et seq*. ("FLSA") and the New York Labor Law ¶¶ 190 *et al*. ("NYLL").  *See generally*

Compl. [DE 1]. Plaintiff alleges that Defendants violated the FLSA and NYLL by (1) failing to

pay Plaintiff minimum wage for all hours worked, and (2) failing to pay Plaintiff overtime wages

for all hours worked in excess of forty (40) hours per week.  *Id*.  Plaintiff further claims that

Defendants failed to supply Plaintiff with a time of hire wage notice or accurate wage statements

as required under the NYLL.  *Id*.

Upon Defendants' failure to answer or otherwise respond to this action, the Clerk of the

Court noted Defendants' default in the record.  *See* Clerk's Entry of Default [DE 10].

Thereafter, Plaintiff moved for entry of default judgment.  *See* Pl.'s Mot. For Default Judgment

("Pl.'s Mot.") [DE 12].  Judge Bianco granted Plaintiff's motion for default judgment on

February 25, 2019 and referred the matter to this Court for a Report and Recommendation as to the calculation of damages. *See* February 25, 2019 Order [DE 16]. This case was subsequently reassigned to Judge Mauskopf on May 21, 2019. *See* May 21, 2019 Electronic Reassignment Order.

For the reasons which follow, this Court respectfully recommends to Judge Mauskopf that Plaintiff be awarded damages consistent with this Report and Recommendation.

## II.    BACKGROUND

The following facts are derived from the Complaint and are accepted as true based upon Judge Bianco's having granted the motion for default judgment. *See generally* Compl. Facts relating to the procedural posture of the case are derived from the docket history.

### A.    Underlying Facts

Best Companion is a domestic business corporation located in Bay Shore, New York and is an "enterprise[] engaged in commerce" within the meaning of the FLSA. Compl. ¶¶ 6, 8. Patricia Pacaud-Brezault, "an owner, officer, director, and/or managing agent of Best Companion" is involved in the day-to-day operations of Best Companion and is an "employer" under the FLSA and the NYLL. *Id* ¶ 7. Plaintiff began working for Defendants in and around May 1, 2018 as a live-in home health aide. *Id* ¶ 13.

During Plaintiff's employment, Plaintiff lived with the assigned client and provided twenty-one (21) hours of care per day, six to seven days per week. *Id* ¶ 14. Plaintiff was compensated $143.00 per day — the equivalent of $6.80 per hour — which is below the New York State minimum wage rate. *Id* ¶ 15. Additionally, Plaintiff did not receive overtime pay for hours worked in excess of forty (40) hours per week. *Id* ¶ 17. Plaintiff terminated her

employment on June 30, 2018 because Defendants refused to pay all lawfully due wages.  *Id* ¶ 18.

### B.    Procedural History

Plaintiff commenced this action by filing a Complaint on September 21, 2018.  *See* Compl.  Plaintiff effected service upon Best Companion by way of the New York Secretary of State on September 26, 2018 and upon Patricia Pacaud-Brezault through a coworker (Frank Morosky) at her place of business on October 22, 2018.  *See* Summonses and Affidavits of Service [DE 6, 7].  Defendants did not timely answer or otherwise respond to the Complaint as a result of which Plaintiff filed a Request for a Certificate of Default on November 9, 2018.  *See* Request for Certificate of Default [DE 9].  Thereafter, on November 13, 2018, the Clerk of the Court noted Defendants' default in the record.  *See* Clerk's Entry of Default [DE 10].

Because the Defendants were in default, the Court converted the Initial Conference into a telephone conference on December 13, 2018.  *See* December 13, 2018 Civil Conference Minute Order [DE 13].  During the Conference, the Court discussed with Plaintiff's counsel a briefing schedule for Plaintiff's anticipated motion for default judgment.  *See id*.  Plaintiff filed the instant motion on December 14, 2018.  *See* Pl.'s Mot. [DE 12].

On January 16, 2019, Judge Bianco acknowledged the instant motion and ordered that Defendants respond in writing within twenty-one (21) days as to why default judgment should not be entered.  *See* January 16, 2019 Order [DE 14].  Judge Bianco further advised that a failure to respond would result in entry of default judgment.  He ordered that Plaintiff serve Defendants with a copy of the January 16, 2019 Order, the motion for default judgment, and the accompanying papers.  *See id*.  Plaintiff's counsel effected service on the Defendants on January 17, 2019.  *See* Affidavit of Service by Regular Mail [DE 15].

Defendants failed to respond, and as a result, Judge Bianco granted Plaintiff's motion for default judgment on February 25, 2019. *See* February 25, 2019 Order [DE 16]. Judge Bianco referred the calculation of damages to this Court for a Report and Recommendation. *See id*. In granting the motion for entry of default judgment, Judge Bianco made a final determination of Defendants' liability on Plaintiff's claims. On that basis, this Court's analysis is limited to the calculation of damages only.

### III.   DEFENDANTS' MOTION

The Court has reviewed the following submissions by Plaintiff in support of its motion: (1) Affirmation of Lawrence Spasojevich, Esq. in Support of Motion for Entry of a Default Judgment ("Spasojevich Aff.") [DE 12-1]; (2) paystub documents ("Paystubs") [DE 12-2], annexed to Spasojevich Aff. as Ex. 1; (3) Activity Reports ("Activity Reports") [DE 12-3], annexed to Spasojevich Aff. as Ex. 2; (4) Plaintiff's Damages Calculation of Unpaid Wages ("Damages Calculation"), annexed to Spasojevich Aff. as Ex. 3; and (5) Contemporaneous Billing Records submitted by Plaintiff's counsel in support of attorneys' fees ("Billing Records"), annexed to Spasojevich Aff. as Ex. 4.

Plaintiff seeks damages in the sum of $37,362.84, consisting of: (1) $11,223.92 in unpaid wages, *see* Spasojevich Aff. ¶ 18; (2) $11,223.92 in liquidated damages, *see id.* ¶ 21; (3) $3,300 in statutory penalties for Defendants' willful failure to supply Plaintiff with a time of hire wage notice, as required by NYLL § 195(1), *see id.* ¶¶ 23-24; (4) $5,000 in statutory penalties for Defendants' willful failure to provide Plaintiff with accurate wage statements, as required by NYLL § 195(3), *see id.* ¶¶ 26-27; (5) prejudgment interest as required under Civil Practice Law and Rules ("CPLR") of nine percent (9%) per annum, *see id.* ¶¶ 28-33; (6) $6,125 in attorney's fees, *see id.* ¶ 35; and (7) $490 in costs, *see id.* ¶ 37.

Plaintiff submits paystub documents and Activity Reports as evidentiary support for her unpaid wage claims. *See* Spasojevich Aff., Exs. 1, 2. Plaintiff summarizes her calculation of unpaid wages totaling $11,223.92 as follows:

| Week No. | Week End Date | Hours Worked | Regular Pay Owed to Plaintiff at Minimum Wage of $11.00/hr | OT Pay Owed to Plaintiff at $16.50/hr | Actual Amount Paid | Unpaid Wages |
|---|---|---|---|---|---|---|
| 1 | May 4, 2018 | 84 | 40 x $11 = $440 | 44 x $16.50 = $726 | $572 | $594 |
| 1[1] | May 11, 2018 | 147 | 40 x $11 = $440 | 107 x $16.50 = $1,765.50 | $1,001 | $1,204.50 |
| 2 | May 18, 2018 | 147 | 40 x $11 = $440 | 107 x $16.50 = $1,765.50 | $1,077.44 | $1,128.06 |
| 3 | May 25, 2018 | 147 | 40 x $11 = $440 | 107 x $16.50 = $1,765.50 | $1,001 | $1,204.50 |
| 4 | June 1, 2018 | 147 | 40 x $11 = $440 | 107 x $16.50 = $1,765.50 | $1,001 | $1,204.50 |
| 5 | June 8, 2018 | 147 | 40 x $11 = $440 | 107 x $16.50 = $1,765.50 | $769 | $1,436.50 |
| 6 | June 15, 2018 | 147 | 40 x $11 = $440 | 107 x $16.50 = $1,765.50 | $1,077.44 | $1,128.06 |
| 7 | June 22, 2018 | 105 | 40 x $11 = $440 | 65 x $16.50 = $1,072.50 | $796.60 | $715.90 |
| 8 | June 29, 2018 | 105 | 40 x $11 = $440 | 65 x $16.50 = $1,072.50 | $796.60 | $715.90 |
| 9 | July 6, 2018 | 128 | 40 x $11 = $440 | 88 x $16.50 = $1,452 | $0 | $1,892 |
| **TOTAL** | | | | | | **$11,223.92** |

*See id.*, Ex. 3.

The Complaint also asserts that Plaintiff is entitled to liquidated damages in the amount of $11,223.92 under NYLL § 198 because Defendants have failed to assert a good faith defense.

---

[1]    The Court points out that there is an error in Plaintiff's damages chart which is found at Spasojevich Aff., Ex. 3. Under the first column designated "Week Number," Plaintiff has listed two sequential entries as "Week 01." Obviously, the second entry should have been "Week 2" and so on from there. The Court is retaining the error in its own chart above so that the discussion is consistent with the original filing of Plaintiff's counsel.

*See* Spasojevich Aff. ¶¶ 20-21.  With respect to statutory penalties, Plaintiff maintains that Defendants willfully failed to supply a time of hire wage notice within the first ten days of employment as required by NYLL §195(1).  *Id*. ¶ 22.  Plaintiff points out that under the NYLL statute, she is entitled to statutory penalties of fifty dollars ($50) for each day Defendants failed to provide her with the wage notice up to a maximum of $5,000.  *Id.* ¶ 23.  According to Plaintiff, Defendants' violations continued for sixty-six (66) days, and, therefore, she is entitled to recover $3,300.   Plaintiff also asserts that Defendants willfully failed to supply her with accurate wage statements as required by NYLL § 195(3).  *See id.* ¶ 25.  Plaintiff points out that under the statute, she is entitled to statutory penalties of $250 for each day Defendants failed to provide the required wage statement, up to a maximum of $5,000.  *Id.* ¶ 26.  Plaintiff asserts that she is entitled to recover five thousand dollars $5,000 under this provision because she was never provided with an accurate wage statement.  *Id.* ¶ 27.  With respect to pre-judgment interest, Plaintiff seeks nine percent (9%) interest per year as of May 1, 2018 through the entry of judgment under NYLL § 198(1)(a) and pursuant to CPLR §§ 5001, 5004.  *Id.* ¶¶ 29-33.

With regard to attorneys' fees and costs, Plaintiff seeks $6,125 in attorneys' fees and $490 in costs, for which she has submitted contemporaneous time and billing records.  *See* Spasojevich Aff., Ex. 4.  The records reflect 17.5 hours of work performed by attorney Lawrence Spasojevich, Esq. of the Law Offices of James F. Sullivan, P.C. ("Sullivan Law Office") in New York, NY from August 10, 2018 through December 11, 2018 at an hourly rate of $350.  *See id*.  The records also reflect $400 in filing fees, $55 for service of process on Defendant Best Companion and $45 for service on defendant Patricia Pacaud-Brezault.  Spasojevich Aff. ¶ 37.

## IV.    DISCUSSION

### A.    Damages

It is well established that "[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup v. E.L.U.L. Realty Corp*, 973 F.2d 155, 158 (2d Cir. 1992)).  Damages must have an evidentiary basis such that they can be "ascertained with reasonable certainty." *LG Capital Funding, LLC v. Worthington Energy,* No. 16-CV-6288, 2018 WL 1370266 at *4 (E.D.N.Y. Feb. 20, 2018) (citing *Cement & Concrete Workers*, 699 F.3d at 234).

#### 1.    Burden of Proof

"Under the FLSA, an employee-plaintiff generally has the burden of proving that he performed work for which he was not properly compensated." *Martinez v. Alimentos Saludables Corp.*, No. 16-CV-1997, 2017 WL 5033650, at *12 (E.D.N.Y. Sept. 22, 2017) (internal quotation marks and citation omitted).  However, as noted by the Supreme Court, "employees seldom keep . . . records [of hours worked] themselves; even if they do, the records may be and frequently are untrustworthy." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).  As such, a defaulting defendant deprives a plaintiff "of the necessary employee records required by the FLSA, thus hampering plaintiff's ability to prove his damages." *Martinez*, 2017 WL 5033650, at *12 (citation omitted).  "Courts in this Circuit have concluded that where a defendant-employer defaults, a plaintiff may meet this burden of proof 'by relying on his recollection alone.'" *Id.* (quoting *Doo Nam Yang v. ACBL Corp.*, 427 F. Supp. 2d 327, 335 (S.D.N.Y. 2005)).  To conclude otherwise would cause defendants in FLSA cases to benefit from failing to answer or

comply with discovery obligations.  *See Mack v. No Parking Today, Inc*., 16 CV 3986, 2019 WL 490137, at *8 (E.D.N.Y. Jan. 9, 2019); *Boyke v. Superior Credit Corp.*, No. 01 CV 0290, 2006 WL 3833544, at *5 (N.D.N.Y. Dec. 28, 2006).

Here, Plaintiff has provided ample records on which to support a finding of damages, including:  (1) paystub documents she received from Defendants during the course of her employment, and (2) Activity Reports, detailing days and hours worked and tasks performed each day.  *See* Spasojevich Aff., Exs. 1, 2.  Since Defendants have not rebutted Plaintiff's claims or otherwise submitted any evidence, the Court bases its Report and Recommendation with respect to damages on the evidence provided by Plaintiff and draws all reasonable inferences from such evidence.

### 2.  *Unpaid Wages and Liquidated Damages*

Under the FLSA, an employee is entitled to recover "the amount of their unpaid minimum wages, [and/] or their unpaid overtime compensation," and "an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) (2008).  Significantly, the employer bears the burden of establishing that liquidated damages should not be awarded.  *Reich v. S. New England Telecomm. Corp.,* 121 F.3d 58, 71 (2d Cir. 1997).  The NYLL also allows employees to recover one hundred percent (100%) of wages owed in liquidated damages unless "the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law."  *Fermin v. Las Delicias Peruanas Restaurant, Inc.*, 93 F. Supp. 3d 19, 47 (E.D.N.Y. 2015) (quoting N.Y. Lab. Law § 198(1-a)) (citing *Chenesky v. N.Y. Life Ins. Co.*, No. 07 Civ. 11504, 2012 WL 234374, at *2 (S.D.N.Y. Jan. 10, 2012)).  The NYLL provides, "liquidated damages are presumed unless defendants can show subjective good faith."  *Id*.  (quoting *Zubair v. EnTech Eng'g, P.C.*, 900 F. Supp. 2d 355, 360 n.3 (S.D.N.Y. 2012)).  Courts have not

substantively distinguished the FLSA standard from the current NYLL standard of good faith, and, as such, cumulative liquidated damages under both the FLSA and NYLL are inappropriate. *Inclan v. New York Hospitality Group, Inc.*, 95 F. Supp. 3d 490, 505 (S.D.N.Y. 2015).

Here, Plaintiff seeks $11,223.92 for unpaid minimum and overtime wages and the same amount in liquidated damages. Plaintiff provides a chart showing her calculation of unpaid wages. *See* Spasojevich Aff., Ex. 3. Plaintiff calculates her unpaid minimum wages using $11 per hour, the minimum wage rate for the State of New York. She calculates her unpaid overtime wages using 1.5 times the minimum wage rate, which is $16.50 per hour. Generally, unpaid overtime wages are calculated by multiplying the New York minimum wage rate or the FLSA minimum wage rate, whichever is higher, by 0.5 to determine the additional amount owed per hour for hours worked over 40 hours per week. *Castellanos v. Deli Casagrande Corp.*, No. CV 11-245, 2013 WL 1207058, at *4 (E.D.N.Y. Mar. 7, 2013). That amount is then multiplied by the number of hours of overtime worked per week to yield a sum of overtime pay owed per week. *Id.* The amounts for each week are then aggregated to determine the total amount of overtime wages owed. *Id.*

The Court has carefully reviewed Plaintiff's submissions and finds that Plaintiff is entitled to recover $9,152 in unpaid wages as follows:

| Week No. | Week End Date | No. of Days Worked | Hours Worked | Regular Pay Owed to Plaintiff at Min Wage of $11.00/hr | OT Pay Owed to Plaintiff at $16.50/hr | Actual Amount Paid | Unpaid Wages |
|---|---|---|---|---|---|---|---|
| 1 | May 4, 2018 | 4 days | 84 | 40 x $11 = $440 | 44 x $16.50 = $726 | $572 | $594 |
| 1 | May 11, 2018 | 7 days | 147 | 40 x $11 = $440 | 107 x $16.50 = $1,765.50 | $1,001 | $1,204.50 |
| 2 | May 18, 2018 | 7 days | 147 | 40 x $11 = $440 | 107 x $16.50 = $1,765.50 | $1,001 | $1,204.50 |

| 3 | May 25, 2018 | 7 days | 147 | 40 x $11 = $440 | 107 x $16.50 = $1,765.50 | $1,001 | $1,204.50 |
| 4[2] | June 1, 2018 | 5 days | 105 | 40 x $11 = $440 | 65 x $16.50 = $1,072.50 | $858 | $654.50 |
| 5[3] | June 8, 2018 | 7 days | 147 | 40 x $11 = $440 | 107 x $16.50 = $1,765.50 | $715 | $1,490.50 |
| 6 | June 15, 2018 | 7 days | 147 | 40 x $11 = $440 | 107 x $16.50 = $1,765.50 | $1,001 | $1,204.50 |
| 7 | June 22, 2018 | 5 days | 105 | 40 x $11 = $440 | 65 x $16.50 = $1,072.50 | $715 | $797.50 |
| 8 | June 29, 2018 | 5 days | 105 | 40 x $11 = $440 | 65 x $16.50 = $1,072.50 | $715 | $797.50 |
| **TOTALS** | | **54 days** | **1,134** | **$3,960** | **$12,771** | **$7,579** | **$9,152** |
| Note: "Week No. 1" designation is repeated | | | | | | | |

In determining damages, the Court first looked to Plaintiff's Activity Reports for evidence of days worked. Those reports summarize Plaintiff's work for weeks 1 through 8 of her employment. *See* Spasojevich Aff., Ex. 2. The Court finds these records to be adequate because (1) they depict days worked and tasks performed, and (2) they contain Plaintiff's signature as the "Client/Rep," certifying that she performed the work described for each date specified. *Id.* Next, the Court looked to Plaintiff's paystubs which detail wages paid for days worked during weeks No. 3 through 7 and 9. *See id.*, Ex. 1. The paystub documents show that Plaintiff was paid at a rate of $143 per day. *See id.* Based on Plaintiff's submissions, the Court

---

[2]    According to the submissions, Plaintiff was paid for six (6) days of work for Week No. 5. However, based on the Court's independent review of the materials underlying Plaintiff's damages claims, it appears that Plaintiff only worked (5) days during Week No. 5. As such, in calculating back wages for Week No. 5, the Court accounts for only five (5) days of work.

[3]    Based on the documents reviewed, Plaintiff was paid for only five (5) days of work for Week No. 6. However, based on the Court's independent review of the materials underlying Plaintiff's damages claims, it appears that Plaintiff actually worked seven (7) days during Week No. 6. As such, in calculating back wages for Week No. 6, the Court accounts for seven (7) days of work.

finds that Plaintiff has satisfied her burden of proof showing the days she worked and the accrued unpaid wages for Week Nos. 1 (repeated) through 8.[4]

The Court notes that Plaintiff's Damages Calculation chart includes a claim for an additional week of unpaid wages for the week ending July 6, 2018. *See* Spasojevich Aff., Ex. 3. However, Plaintiff has not provided any paystub documents or Activity Reports to support her claim for this additional week. Moreover, the Complaint states that Plaintiff terminated her employment on June 30, 2018. Plaintiff asserts in the affirmation that when preparing the instant motion, she discovered additional information which alters the amount of her claim. *Id*. at 3 n.1. However, Plaintiff has not supported this week's claim with necessary documentary evidence. It appears that Plaintiff's counsel simply added another entry on the damages chart for "Week 9" which lists July 6, 2018 as the end date. On that basis, the Court has determined that Plaintiff has not met her burden with respect to evidence of work performed between June 30, 2018 and July 6, 2018. Accordingly, the Court finds that Plaintiff is entitled to recover unpaid wages for Week Nos. 1 (repeated) through 8 only.

Significantly, Plaintiff has met her burden with respect to unpaid wages for Week Nos. 1 (repeated) through 8. As outlined in the chart above, the Court finds that Plaintiff should have earned $3,960 in minimum wages and $12,771 in overtime wages for a total of $16,732 in wages owed. Plaintiff's paystubs reveal she was only paid $7,579 during the relevant period.[5] *See*

---

[4]     The Court notes that although Plaintiff did not submit an Activity Report for Week No. 9, Plaintiff's paystub document for Week No. 9 is sufficient to support a finding of damages since it is consistent with the numbers recorded in Plaintiff's Damages Calculation chart. In addition, although Plaintiff did not submit paystubs for Week Nos. 1, 2, and 8, a finding of damages for these weeks is supported by the year-to-date figures listed on the paystub documents provided.

[5]     The Court points out that according to Plaintiff's Damages Calculation chart, Plaintiff included "Benefit Card-Dail" payments in calculating wages actually paid. The Court notes that these payments appear in Plaintiff's paystub documents, but do not reflect "wages" paid.

Spasojevich Aff., Ex. 1.  Accordingly, Plaintiff is entitled to $9,152 ($16,732-$7,579) in unpaid wages.  Further, because Defendants have not answered or responded to the instant motion, they have not carried their burden.  As a result, liquidated damages are appropriate.  *Martinez,* 2017 WL 5033650, at *22 ("Defendants have defaulted and therefore have not met their statutory burden of demonstrating that they acted in good faith in failing to pay overtime to plaintiffs; thus, the Court finds that plaintiffs are entitled to an award of liquidated damages under the FLSA.").  As such, the Court finds that Plaintiff is also entitled to $9,152 in liquidated damages.

### 3.  *Statutory Penalties from NYLL Notice Requirements*

NYLL § 195(1)(a) requires that every employer provide its employees with a time of hire "wage notice" containing certain information, including the rate of pay, basis of pay, and the name, address, and telephone number of the employer.  *See* N.Y. Lab. Law § 195(1)(a).  If an employee is not provided with the required wage notice within ten business days of her first day of employment, she is entitled to fifty dollars ($50) for each work day that the violation continues to occur, not to exceed $5000.  *See id* § 198(1-b); *see also Chen v. New Fresco Tortillas Taco LLC*, No. 15 Civ. 2158, 2015 WL 5710320, at *8 (S.D.N.Y. Sept. 25, 2015), *adopted by* 2017 WL 818469 (S.D.N.Y. Mar. 1, 2017).

Additionally, NYLL § 195(3) requires that every employer supply each employee with a "wage statement" for every payment of wages containing certain information such as the dates of work covered by the statement, identifying information of the employee and employer, rate of pay, and gross pay with any deductions.  *See* N.Y. Lab. Law § 195(3).  If an employee is not provided with the required wage statements, she is entitled to two hundred fifty dollars ($250)

---

Plaintiff has not provided any information or explanation as to how/why these entries are being treated as wages by Plaintiff.  Instead, these payments appear to represent a non-wage benefit.  As such, the Court excludes these amounts from its independent calculation of wages owed.

for each work day that the violation continues to occur, not to exceed $5,000.  *See id* § 198(1-d); *see also Chen*, 2015 WL 5710320, at *7.

Here, Plaintiff seeks: (1) $3,300 in statutory penalties for Defendants' willful failure to provide Plaintiff with a time of hire wage notice until 66 days after her start date, and (2) $5,000 in statutory penalties for Defendants' willful failure to provide Plaintiff with an accurate wage statement at any time.  Because Defendants have not appeared and rebutted the claims contained in Plaintiff's allegations, the Court accepts them as true.  Accordingly, the Court recommends that Plaintiff be awarded $8,300 in statutory penalties under the NYLL.

### 4.    Prejudgment Interest under the NYLL

Unlike the FLSA, the NYLL allows a plaintiff to recover both liquidated damages and prejudgment interest.  *Fermin*, 93 F.Supp.3d at 47 (citing *Begum v. Ariba Discount Inc.*, No. 12 Civ. 6620(DLC), 2015 WL 223780, at *3 (S.D.N.Y. Jan. 16, 2015)).  "Prejudgment interest is calculated [] on the unpaid wages due under the NYLL, not on the liquidated damages awarded under the state law."  *Id.* (quoting *Mejia v. East Manor USA Inc.*, No. 10 Civ. 4313, 2013 WL 3023505, at *8 n.11 (E.D.N.Y. Apr. 19, 2013) (citation omitted).  "Prejudgment interest is to be calculated pursuant to the New York prejudgment interest rate of nine percent (9%) per annum simple interest from a single reasonable intermediate date."  *Hernandez v. Jrpac Inc.*, No. 14-CV-4176, 2016 WL 3248493, at *35-36 (S.D.N.Y. June 9, 2016) (citing N.Y.C.P.L.R. §§ 5001(b), 5004).  "A single reasonable intermediate date is the median date between the earliest and latest each Plaintiff's NYLL claim accrued."  *Elghourab v. Vista JFK, LLC*, No. 17-cv-911, 2019 WL 2431905, at *12 (E.D.N.Y. June 11, 2019) (quoting *Hernandez v. NJK Contractors, Inc.*, No. 09-CV-4812(RER), 2015 WL 196635, at *51 (E.D.N.Y. May 1, 2015)) (citation omitted).

Here, Plaintiff seeks prejudgment interest of 9% per annum to be calculated from May 1, 2018. Plaintiff's *earliest* claim accrued then on or after May 4, 2018, the last day of her first work-week, at which time Plaintiff would have received her first payment of wages. The Court finds Plaintiff's *latest* claim to have accrued from her last day of employment. At this juncture, the Court must set that date at June 30, 2018 based on the evidentiary support provided. The median date between these two dates is on or about June 1, 2018. Accordingly, the Court finds June 1, 2018 to be a single reasonable intermediate date from which Plaintiff's prejudgment interest of 9% per annum should be calculated.

### B.    Attorney's Fees and Costs

#### 1.    Whether Attorney's Fees and Costs are Authorized

"Both the FLSA and NYLL provide for prevailing plaintiffs to be awarded attorney's fees and costs for actions to recover unpaid wages." *Hernandez v. Jrpac*, 2016 WL 3248493, at *36 (citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1)). However, the party seeking reimbursement of attorney's fees bears the burden of proving the reasonableness of the rate charged and necessity of the hours spent. *Fermin*, 93 F. Supp. 3d at 51 (citing *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983)). It is also well settled that requests for attorney's fees in this Circuit must be accompanied by contemporaneous time and billing records specifying, for each attorney, the date, the hours expended, and the nature of the work performed. *See N.Y. State Ass'n*, 711 F.2d at 1148.

Here, since Judge Bianco granted Plaintiff's motion for default judgment, Plaintiff is the prevailing party entitled to an award of attorneys' fees and costs. Plaintiff retained the services of the Sullivan Law Office, located at 52 Duane Street, 7th Floor, New York, NY 10007 to pursue her FLSA and NYLL claims in the instant case. The Sullivan firm submitted

contemporaneous time, billing, and expense records prepared by Lawrence Spasojevich, Esq., an associate attorney at the Sullivan Law Office who handled this matter on behalf of Plaintiff. *See* Spasojevich Aff., Ex. 4. The records identify the dates, hours expended, and the nature of all work performed by Attorney Spasojevich in connection with this action. Therefore, Plaintiff's submissions are sufficient to support an award of attorney's fees and costs.

### 2.    *Whether the Attorney's Fees are Reasonable*

Both the Second Circuit and the Supreme Court "have held that the lodestar method — the product of a reasonable hourly rate and the reasonable number of hours required by the case — creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.R. Co.,* 658 F.3d 154, 166 (2d Cir. 2011) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany,* 522 F.3d 182, 183 (2d Cir. 2007)). The Court should determine the "presumptively reasonable fee" by looking to "what a reasonable client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 183-84 (2d Cir. 2008). "[W]hether the calculation is referred to as the lodestar or the presumptively reasonable fee, courts will take into account case-specific factors to help determine the reasonableness of the hourly rates and the number of hours expended." *Pinzon v. Paul Lent Mech. Sys.,* No. 11–CV–3384, 2012 WL 4174725, at *5 (E.D.N.Y. Aug. 21, 2012), *report and recommendation adopted by* 2012 WL 4174410 (E.D.N.Y. Sept. 19, 2012). These factors include:

> [T]he complexity and difficulty of the case, the available expertise and capacity of the client's other counsel (if any), the resources required to prosecute the case effectively (taking account of the resources being marshaled on the other side but not endorsing scorched earth tactics), the timing demands of the case, whether an attorney might have an interest (independent of that of his client) in achieving the ends of the litigation or might initiate the representation himself, whether an attorney might have initially

acted *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) that an attorney might expect from the representation.

*Arbor Hill,* 522 F.3d at 184.

### a. Hourly Rate Requested

To determine reasonable hourly rates, the Court considers this Circuit's adherence to the forum rule, which states that a district court should generally use the prevailing hourly rates in the district where it sits. *See Simmons v. N.Y. City Transit Auth.*, 575 F.3d 170, 175-76 (2d. Cir. 2009); *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983); *see also Joseph v. HDMJ Restaurant, Inc.*, No. 09 Civ. 240, 2013 WL 4811225, at *19 (E.D.N.Y. Sept. 9, 2013) (internal citations omitted); *Pinzon*, 2012 WL 4174725, at *5. Prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour. *See Incredible Foods Grp., LLC v. Unifoods, S.A. De C.V.*, No. 14-CV-5207, 2016 WL 4179943, at *3 (E.D.N.Y. Aug. 5, 2016); *Valdez v. H & S Rest. Operations, Inc.*, No. 14 CV 4701, 2016 WL 3079028, at *8 (E.D.N.Y. Mar. 29, 2016), *report and recommendation adopted*, 2016 WL 3087053 (E.D.N.Y. May 27, 2016); *OneWest Bank, N.A. v. Denham* No. CV 14-5529, 2015 WL 5562980, at *12 (E.D.N.Y. Aug. 31, 2015), *adopted by* 2015 WL 5562981 (E.D.N.Y. Sept. 21, 2015); *Trustees of Empire State Carpenters Annuity, Apprenticeship, Labor-Mgmt. Cooperation Pension & Welfare Funds v. L&P Interiors, Inc.*, No. CV 14-3316, 2015 WL 5562316, at *13 (E.D.N.Y. Aug. 14, 2015) *adopted by* 2015 WL 5562340 (E.D.N.Y. Sept. 18, 2015); *Claudio v. Mattituck-Cutchogue Union Free Sch. Dist.*, No. 09 Civ. 5251, 2014 WL 1514235, at *14 (E.D.N.Y. Apr. 16, 2014) (collecting cases).

Some "[c]ourts have recognized slightly higher ranges in this district of $300–$450 per hour for partners, $200–$300 per hour for senior associates, and $100–$200 per hour for junior

associates." *Small v. New York City Transit Auth.*, No. 09 Civ. 2139, 2014 WL 1236619, at *5 (E.D.N.Y. Mar. 25, 2014) (internal quotations omitted); *see Hormel Foods Sales, LLC v. Ship Side Food Serv., Inc.,*16-CV-1595, 2018 WL 3202076, at *2 (E.D.N.Y. Mar. 23, 2018); *Nicaisse v. Stephens & Michaels Associates, Inc.*, No. CV 14-1570, 2016 WL 4367222, at *4 (E.D.N.Y. June 9, 2016), *report and recommendation adopted*, No. 14-CV-1570, 2016 WL 4275687 (E.D.N.Y. Aug. 12, 2016); *Brinkmeier v. Round Two Recovery, LLC*, No. CV 153693, 2016 WL 4384330, at *9 (E.D.N.Y. July 25, 2016), *report and recommendation adopted*, No. 15-CV-3693, 2016 WL 4384723 (E.D.N.Y. Aug. 16, 2016).

Although the Second Circuit has not recently revisited the issue of what constitutes a reasonable fee within this district since its discussion in *Konits v. Karahalis*, 409 F. App'x 418, 422–23 (2d Cir. 2011) (summary order) -- which affirmed a district court decision holding that the prevailing rates for experienced attorneys in the Eastern District of New York range from approximately $300 to $400 per hour -- a number of district courts within this district continue to rely, in part, on *Konits* in determining the appropriate range of fees. *See Morales v. B&M Gen. Renovation Inc.*, No. 14 CV 7290M, 2016 WL 1266624, at *11 (E.D.N.Y. Mar. 9, 2016), *report and recommendation adopted*, 2016 WL 1258482 (E.D.N.Y. Mar. 29, 2016) (relying, in part, on *Konits* and finding that "the prevailing hourly rate for partners in this district is between $300 and $400; *Incredible Foods Grp., LLC*, 2016 WL 4179943, at *3 (same); *Valdez*, 2016 WL 3079028, at *8 (same); *Litkofsky v. P & L Acquisitions, LLC*, No. CV 15 5429, 2016 WL 7167955, at *9 (E.D.N.Y. Aug. 19, 2016), *report and recommendation adopted sub nom. Ira Litkofsky v. P & L Acquisitions LLS*, No. CV 15-5429, 2016 WL 7168069 (E.D.N.Y. Dec. 8, 2016) (same); *Gesualdi v. Paladin Constr. Corp.*, No. CV 14-7291, 2016 WL 943589, at *11 (E.D.N.Y. Feb. 18, 2016), *report and recommendation adopted*, 2016 WL 953261 (E.D.N.Y.

Mar. 11, 2016) (same); *Brinkmeier v. Round Two Recovery, LLC*, No. CV15 3693, 2016 WL 4384330, at *9 (E.D.N.Y. July 25, 2016), *report and recommendation adopted*, 2016 WL 4384723 (E.D.N.Y. Aug. 16, 2016).

Plaintiff here seeks an hourly rate of $350 per hour for work performed by Attorney Spasojevich. The billing rate is not mentioned in Plaintiff's motion; however, the Court distilled the hourly rate from the contemporaneous time records. Aside from contemporaneous time and billing records, Plaintiff has submitted little documentation concerning Attorney Spasojevich's education, training, or practice experience. In order to determine whether the requested rate is justified, the Court has conducted its own research, including its review of Spasojevich's attorney profile on the Sullivan Law Office website. *See* ATTORNEYS OF THE LAW OFFICES OF JAMES F SULLIVAN, P.C., https://www.jfslaw.net/about (last visited Jul. 31, 2019). According to his profile, Attorney Spasojevich graduated from the University of San Diego School of Law in 2009, is admitted to practice before the U.S. District Courts for the Southern and Eastern Districts of New York, and works as an associate at the Sullivan Law Office. *Id.* Prior to joining the Sullivan Law Office, Attorney Spasojevich served as Assistant General Counsel at the Office of the Mayor, Office of Labor Relations for the City of New York. Currently, his practice includes "civil trial [work] in . . . State and Federal Court[s] of New York . . . [and] is dedicated to all employment related matters including wage and hour disputes . . . ." *Id*.

Absent from Attorney Spasojevich's profile is the date of his admission to the New York State Bar. However, according to the New York State Unified Court System, Attorney Registry, Attorney Spasojevich was admitted to the New York State Bar on September 14, 2011, which presumptively means he has been engaged in the practice of law for close to eight years. *See* NEW YORK STATE UNIFIED COURT, ECOURTS,

https://iapps.courts.state.ny.us/attorney/AttorneyDetails?attorneyId=KOyXrYmHi8mpwOPTie2

Ctw%3D%3D (last visited Jul. 31, 2019).  Nor does Attorney Spasojevich's attorney profile

mention how long he has been specifically practicing employment litigation, although his work

in the New York City Office of Labor Relations presumptively included some elements of

employment litigation.  The Court also notes that even though Attorney Spasojevich's office is

located in the Southern District of New York, this Court is bound by the usual and customary

rates charged in the Eastern District of New York.  By Eastern District standards, the Court finds

that an hourly rate of $350 exceeds the high end of the range for senior associates with Attorney

Spasojevich's experience.  The Court is also cognizant that this is a default motion in an FLSA

case, meaning no discovery and no motion practice – other than the current motion for default

judgment – had to be undertaken.  Given all of the circumstances, this Court respectfully

recommends to Judge Mauskopf that Attorney Spasojevich's hourly rate be reduced to $300 per

hour.

### b.    Reasonableness of Hours Expended

To determine whether the number of hours spent by Plaintiff's counsel was reasonable,

the Court must "use [its] experience with the case, as well as [its] experience with the practice of

law . . . ." *Fox Indus., Inc. v. Gurovich,* No. CV 03–5166, 2005 WL 2305002, at *2 (E.D.N.Y.

Sept. 21, 2005) (quoting *Clarke v. Frank,* 960 F.2d 1146, 1153 (2d Cir.1992)).   A court should

"exclude hours that were 'excessive, redundant, or otherwise unnecessary' to the litigation . . . ."

*Cho v. Koam Medical Servs. P.C.,* 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (quoting *Hensley*

*v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Here, Plaintiff submits that Attorney Spasojevich spent a total of 17.50 hours litigating

this case, including time spent meeting with Plaintiff, reviewing Plaintiff's wage records,

analyzing damages, drafting the complaint, and drafting the instant motion.  *See* Spasojevich

Aff., Ex. 4.  Having reviewed the billing records, the Court finds, based on its experience with

FLSA actions in this District, that the 17.50 hours expended by Attorney Spasojevich are

reasonable.

Accordingly, this Court recommends that Plaintiff be awarded attorney's fees of $300 per

hour multiplied by 17.50 hours expended, for a total of $5,250.

### 3.    *Costs*

Courts typically award "those reasonable out-of-pocket expenses incurred by the attorney

and which are normally charged fee-paying clients." *Reichman v. Bonsignore, Brignati &*

*Mazzotta, P.C.*, 818 F.2d 278, 283 (2d Cir. 1987); *Sheet Metal Workers Nat'l Pension Fund v.*

*Evans*, No. 12 Civ. 3049, 2014 WL 2600095, at *11 (E.D.N.Y. Jun. 11, 2014).  However, it is

incumbent upon the party seeking reimbursement of its costs to provide the court adequate

substantiation in the form of receipts and other documents showing such costs were incurred.

*See Lee v. Santiago*, No. 12 CIV. 2558, 2013 WL 4830951, at *5 (S.D.N.Y. Sept. 10, 2013)

("[I]t is [ ] the requesting party's burden to support its application, and this means that the

requested costs must be substantiated . . . A mere assertion that a certain cost was incurred,

though, is insufficient, where such an assertion is made in a conclusory fashion in a brief or bill

of costs, without a supporting affidavit, declaration, or documentation."); *Volpe v. Nassau Cty.*,

No. 12 CV 2416, 2016 WL 6238525, at *10 (E.D.N.Y. Oct. 24, 2016) ("The fee applicant bears

the burden of adequately documenting and itemizing the costs requested.") (internal quotation

omitted).

Both the FLSA and the NYLL provide for an award of costs.  *Fermin*, 93 F.Supp.3d at 52

(citing 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(4)).  Here, Plaintiff seeks (1) $400 in filing

fees, (2) $55 for service on Defendant Best Companion, and (3) $45 for service on Defendant Patricia Pacaud-Brezault for a total of $490.  Spasojevich Aff. ¶ 37.  The Complaint could not have been filed without payment of the filing fees and courts routinely award these fees to prevailing plaintiffs.  In addition, the service of process fees for service upon the two defendants are duly noted in the billing statements.  Given that these costs for which Plaintiff seeks recovery are  documented and otherwise reasonable, the Court recommends an award of costs in the amount of **$490**, calculated as the total of Plaintiff's costs associated with the filing fee and service fees.

## V.   CONCLUSION

For the foregoing reasons, the Court respectfully recommends to Judge Mauskopf that Plaintiff be awarded: (1) $9,152 in unpaid wages; (2) $9,152 in liquidated damages; (3) $8,300 in statutory penalties; (4) prejudgment interest at the rate of 9% per annum to be calculated from June 1, 2018 to the entry of judgment; (5) $5,250 in attorney's fees; and (6) $490 in costs.

## VI.   OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections.  *See also* FED. R. CIV. P. 6(a) and (e). Such objections shall be filed with the Clerk of the Court via ECF.  A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Roslynn R. Mauskopf. Any requests for an extension of time for filing objections must be directed to Judge Mauskopf prior to the expiration of the fourteen (14) day period for filing objections.  Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*,

118 F.3d 900, 901 (2d Cir. 1997), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**Plaintiff's counsel is directed to serve a copy of this Report and Recommendation upon the Defendants forthwith by overnight mail and first-class mail and to file proof of such service on ECF by August 28, 2019**.

**SO ORDERED.**

Dated: Central Islip, New York
      August 26, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge